IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

AGROPUR, LLC,

                                                          ORDER

               Plaintiff,

                                                   15-cv-96-bbc

    v.

STERLING TECHNOLOGIES, INC.,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Agropur, LLC filed its complaint against defendant Sterling Technologies, Inc. in this court, relying on 28 U.S.C. § 1332 as a basis for jurisdiction. This statute requires plaintiff to show that it and defendants are citizens of different states, and that the amount in controversy exceeds $75,000. In the course of reviewing the complaint to insure the existence of jurisdiction, as I am required to do, <u>McCready v. White</u>, 417 F.3d 700, 702 (7th Cir. 2005), I discovered that plaintiff has failed to allege facts sufficient to allow a finding that plaintiff and defendant are of diverse citizenship.

      Plaintiff alleges that it is a "limited liability company with its principal place of business in La Crosse, Wisconsin." Dkt. #1, at ¶ 2. "[A] limited liability company's citizenship includes every state of which any unit holder is a citizen . . . . " <u>Copeland v. Penske Logistics LLC</u>, 675 F.3d 1040, 1043 (7th Cir. 2012). Accordingly, plaintiff must allege the citizenship of each of its members in order to provide sufficient information of its

1

citizenship. Furthermore, plaintiff alleges that defendant Sterling Technologies, Inc. "is a corporation with its principal place of business in Brookings, South Dakota." Dkt. #1, at ¶ 3. In order to provide the information necessary to allege defendant's citizenship, plaintiff must allege the state or states in which defendant is incorporated. 28 U.S.C. § 1332(c)(1).

As the proponent of jurisdiction, plaintiff bears the burden of showing that this court may exercise subject matter jurisdiction. Smart v. Local 702 International Brotherhood of Electrical Workers, 562 F.3d 798, 802-03 (7th Cir. 2009). Because plaintiff has not met that burden, I will give it an opportunity to amend its complaint or to file evidentiary materials showing the citizenship of the parties in this case.

ORDER

IT IS ORDERED that plaintiff Agropur, LLC may have until May 26, 2015, to show that subject matter jurisdiction is present under 28 U.S.C. § 1332. If plaintiff fails to respond by that date, I will dismiss the case for lack of jurisdiction.

Entered this 13th day of May, 2015.

BY THE COURT:
/s/

_____
BARBARA B. CRABB
District Judge