IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

AGROPUR MSI, LLC,                              OPINION AND ORDER

      Plaintiff,                                     15-cv-96-bbc

    v.

STERLING TECHNOLOGY, INC.,

      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Agropur MSI, LLC alleges that defendant Sterling Technology, Inc. sold it colostrum powder that contained an excessive amount of gluten, in violation of the parties' contract and various warranties. On March 15, 2015, I granted plaintiff summary judgment as to liability with respect to plaintiff's claims and dismissed defendant's counterclaims on the ground that they were filed after the contractual limitations period expired. The case is set for a trial on damages on June 13, 2016. This order addresses the parties' motions in limine.

OPINION

A. <u>Defendant's Motions in Limine</u>

1. <u>Motion to exclude references to defendant's counterclaim, dkt. #83 at 4</u>

      Defendant initially asserted a counterclaim related to a separate transaction between the two parties. In this counterclaim, defendant alleged that plaintiff sold it agglomerated

1

colostrum that was contaminated with various foreign objects, such as metal shavings and warehouse beetles. I dismissed this claim in an order entered on March 15, 2016 because it was not brought within one year from the date the contamination was discovered, as was required by the parties' contract. Defendant requests that plaintiff be prohibited from making any reference to this counterclaim or its dismissal at trial. Plaintiff does not oppose defendant's motion in limine on this issue, so defendant's motion will be granted. However, as plaintiff notes, if defendant presents facts related to the dismissed counterclaim, plaintiff will be entitled to present evidence that the claim was dismissed as untimely.

2. <u>Defendant's motion to exclude reference to Lockner's March 12, 2015 hold letter, dkt. #83 at 7</u>

Whether a party acted reasonably in attempting to mitigate its damages attributable to a breach of contract is a question of fact for a jury. <u>Frieburg Farm Equipment, Inc. v. Van Dale, Inc.</u>, 756 F. Supp. 1191, 1193 (W.D. Wis. 1991) ("These cases illustrate the Wisconsin courts' close adherence to the general principle that whether an injured party has acted reasonably to minimize damages is a question of fact for the jury."). At trial, defendant intends to argue that plaintiff failed to take reasonable steps to mitigate its damages. It is likely that in support of this argument, defendant will assert that plaintiff could have sold the protein powder as animal feed earlier than it did, and had it done so, it would have received a higher price per pound. In response, plaintiff intends to argue that its decision to delay selling the powder was warranted for a number of reasons, including the

fact that it was under an obligation to preserve the powder pursuant to a litigation hold.  In support of the fact that it was under a litigation hold, plaintiff intends to offer a litigation hold letter sent by defendant's former counsel that asked plaintiff to preserve all product that is the subject matter of this lawsuit.  Defendant seeks to exclude this letter on the ground that its author later explained at a deposition that she had "repeated discussions with [plaintiff's counsel] about his responsibility to sell off the [powder] to mitigate [plaintiff's] damages."

Defendant's argument for excluding the letter has no merit. The letter clearly is relevant to plaintiff's contention that its decision to delay selling the powder was reasonable. The fact that the letter's author later contradicted or clarified what she said in the letter is not grounds for excluding it; at best, her subsequent deposition testimony raises a dispute as to the scope of the hold and should be presented to a jury.

3. <u>Motion to exclude any reference to the reason for the gluten contamination, dkt. #83 at 10</u>

During his deposition, plaintiff's Vice-President of Quality Control, Shawn Wegner, testified that it was his belief that the gluten contamination was attributable to the drying process used by defendant.  Defendant asks that plaintiff be prohibited from discussing this issue at trial because it is not relevant now that the court has found liability. Plaintiff opposes this motion because it contends that this information is relevant to rebut defendant's argument that plaintiff should have performed gluten testing immediately upon

receiving the colostrum. However, as discussed later in this opinion, I am granting plaintiff's motion to exclude argument or evidence that plaintiff should have immediately conducted such testing upon receiving the colostrum. Accordingly, the basis for plaintiff's opposition to defendant's motion in limine on this issue is rendered moot and defendant's motion will be granted.

4. Motion to exclude any reference to insurance, dkt. #83 at 11

Defendant has requested that plaintiff be prohibited from making any reference to any insurance coverage that may satisfy an award of damages in this matter. I am granting this motion as unopposed. However, as plaintiff notes, if defendant suggests at trial that it may have difficulty satisfying a damages award or that a high damages award will threaten its ability to stay in business, plaintiff will be permitted to present evidence of any insurance coverage that may be available to satisfy a damages award.

5. Defendant's motion to exclude testimony of Mike Homewood, dkt. #83 at 12

Defendant has requested that plaintiff be prohibited from presenting the testimony of Mike Homewood. Defendant contends that plaintiff disclosed Homewood as a "rebuttal expert" after plaintiff had already disclosed two other "rebuttal experts" in March 2016, both of whom plaintiff deposed before Homewood was disclosed. Defendant contends that plaintiff identified Homewood as a witness only because plaintiff was displeased with the testimony of its other "rebuttal experts." However, plaintiff contends that Homewood is not

4

a "rebuttal expert," but rather a fact witness who will testify regarding his sale of scrap food products for plaintiff on other occasions.

I am denying plaintiff's motion to exclude Homewood's testimony because the subject matter of the testimony regarding the prices Homewood was able to get for selling plaintiff's scrap food materials during the relevant time frame bears on the reasonableness of plaintiff's efforts to mitigate damages attributable to defendant's breach.  The fact that plaintiff may have more than one witness capable of testifying about the prices it has received for similar scrap food materials is not a basis for excluding Homewood's testimony.  Defendant does not contend that Homewood was not timely disclosed and the substance of Homewood testimony was known to defendant before the discovery cut-off.  Defendant could have made arrangements to depose Homewood; its failure to do so is not a basis for excluding Homewood's testimony.

6. Motion to exclude reference to plaintiff's vendor approval policy, dkt. #83 at 6

Finally, defendant's motion to exclude reference to plaintiff's vendor approval policy, dkt. #83, is moot because this policy is relevant only as evidence rebutting defendant's argument that plaintiff should have tested the colostrum immediately upon receipt.  As explained in the next paragraph, plaintiff had no obligation to inspect and test the colostrum.

5

B. Plaintiff's Motions in Limine

1. Motion to exclude evidence and argument regarding defendant's obligation to test product prior to discovery of breach, dkt. #101

Plaintiff seeks to preclude defendant from arguing that defendant should not be held liable for plaintiff's damages because plaintiff should have inspected and tested the colostrum powder to ensure that it was "gluten-free" prior to mixing, packaging and sending it to its distributer for sale. I am granting this motion because plaintiff was not required to inspect the colostrum to ensure it was gluten-free prior to using it and defendant's suggestion that the duty to mitigate includes such an onerous testing or inspection requirement is not supported by the law.

No duty of inspection fell on plaintiff because defendant had expressly warranted that the product was gluten-free. Under Wisconsin law, when a seller expressly warrants that a product satisfies some condition, the buyer is under no obligation to conduct an inspection to determine whether that condition is satisfied in fact; instead, the buyer is free to rely on the warranty of the seller. Jones v. Pittsburgh Plate Glass Co., 246 Wis. 462, 466, 17 N.W.2d 562, 564 (1945) ("[T]here is no duty of inspection in the case of an express warranty. The purchaser may rely on the representations of the seller and even though he be negligent in discovering the defect, may rely on the warranty."). Accordingly, plaintiff cannot rely on an alleged failure to inspect to support an argument that plaintiff failed to mitigate damages.

In many respects, the facts of the this case and the arguments set forth by the parties

bear a strong resemblance to those before the court in Blommer Chocolate Co. v. Bongards Creameries, Inc., 644 F. Supp. 234, 238 (N.D. Ill. 1986). In that case, the defendant Bongard Creameries sold plaintiff Blommer Chocolate whey powder that was contaminated with salmonella. Blommer used the whey to make chocolate, which it then sold to consumers. After the contamination was discovered, Blommer sued Bongards. Bongards sought to avoid liability by arguing that Blommer should have tested the product before using it to make chocolate to ensure it was salmonella-free. The District Court for the Northern District of Illinois rejected this argument because Bongards had warranted that the whey was salmonella-free. Discussing the Uniform Commercial Code, the district court held that "[t]he whole point of obtaining a warranty is to get a product that will not have to be meticulously combed in a search for defects." Id. at 237. Moreover, the court held, because this "failure to inspect" did not operate as a defense to liability, it could not be "resurrected under the label of failure to mitigate damages." Id. at 238. Although the district court in Blommer Chocolate was analyzing an alleged obligation to inspect under Illinois law, its reasoning is equally applicable to this case, which is also subject to the Uniform Commercial Code. In particular, to allow defendant to avoid damages based on plaintiff's alleged failure to conduct an inspection would "put the law of damages squarely at odds with the principle that a plaintiff is not expected to anticipate and guard against a defect." Id.

Accordingly, I am granting plaintiff's motion in limine to exclude evidence and argument regarding the need for testing prior to discovery of breach. Dkt. #101. I am also granting plaintiff's motion to exclude the testimony of Kelly Black, dkt. #100, to the extent

7

she intends to testify regarding plaintiff's alleged obligation to inspect and test component ingredients upon receipt.

2. Motion to exclude evidence related to the sale price of the powder before Agropur had permission to sell, dkt. #109

In opposition to defendant's contentions that plaintiff's duty to mitigate required it to sell the protein powder in March or April 2014, and that had it done so, it would have received approximately $4.00 per pound rather than the 70 cents it ultimately received, plaintiff has moved to exclude all evidence of the price of the powder prior to August 2015. Plaintiff contends that up until that point, it had a legal obligation to preserve the protein powder for litigation purposes. However, the reasonableness of plaintiff's decision to delay selling the product and whether the duty to preserve evidence prevented it from selling all of the product are disputed issues that must be resolved at trial. Accordingly, I am denying plaintiff's motion to exclude evidence related to the sale price of the powder before plaintiff had affirmative permission to sell from defendant.

3. Plaintiff's Motion to Exclude Testimony of Drew Vermeire, dkt. #97

Plaintiff also moves to exclude the following testimony offered by defendant's expert, Drew Vermeire: (1) Vermeire's opinion regarding the price of the protein product in March and April 2014; (2) Vermeire's opinion that plaintiff should have sold the protein product immediately after discovering it was contaminated; and (3) Vermeire's "commercial

reasonableness" opinion. Again, plaintiff contends that this testimony is rendered irrelevant by the fact that plaintiff was under a litigation hold that prevented it from selling the protein powder prior to August 2015. However, as discussed above, the existence of this hold and whether it rendered plaintiff's delay in selling reasonable are disputed issues.

Plaintiff also requests that Vermeire's opinion regarding the April 2014 price data be excluded as "improper supplementation." I am denying this request because Vermeire needed to supplement his report to include the April 2014 price data after defendant learned that it took plaintiff a month to broker a sale of the protein powder. When Vermeire issued his original report, he was not aware of the fact that plaintiff was incapable of selling the protein immediately. It was only after he learned of the delay that he decided to supplement his report. This supplemental opinion was disclosed more than a week before Vermeire's deposition and plaintiff had a full opportunity to question him about the price data set forth in the report. Accordingly, I am denying plaintiff's motion to exclude Vermeire's opinion regarding the April 2014 price data.

However, I am granting plaintiff's motion to exclude Vermeire's opinions regarding the commercial reasonableness of holding the powder, the need to immediately sell the powder and how the powder might lose value due to the "Maillard reaction." Although all of these matters relate to the allegedly proper storage and disposition of food ingredients, Vermeire did not discuss any of these opinions in his initial report, which dealt exclusively with calculating the resale price of the protein powder. Defendant fails to offer any explanation for why Vermeire did not disclose his opinions with respect to these issues in

9

his original report and fails to explain how they might qualify as proper supplementation under Rule 26(e).

ORDER

IT IS ORDERED that

1. Defendant Sterling Technology, Inc.'s motion to exclude any reference to the fact that defendant's counterclaim was dismissed, dkt. #83 at 4, is GRANTED.

2. Defendant's motion to exclude reference to plaintiff's "vendor approval policy," dkt. #83 at 6, is denied as MOOT.

3. Defendant's motion to exclude reference to Lockner's March 12, 2015 hold letter, dkt. #83 at 7, is DENIED.

4. Defendant's motion to exclude reference to the cause of the colostrum contamination, dkt. #83 at 5, 10, is GRANTED.

5. Defendant's motion to exclude reference to defendant's insurance coverage, dkt. #83, 11, is GRANTED.

6. Defendant's motion to exclude the testimony of Mike Homewood, dkt. #83 at 12, is DENIED.

7. Plaintiff Agropur MSI, LLC's motion to exclude evidence and argument regarding testing prior to the discovery of the breach, dkt. #101, is GRANTED.

8. Plaintiff Agropur MSI, LLC's motion to exclude the testimony of Kelly Black, dkt. #99, is GRANTED.

9. Plaintiff's motion to exclude evidence of sales price before plaintiff had permission to sell, dkt. #109, is DENIED.

10. Plaintiff's motion to exclude the testimony of Drew Vermeire, dkt. #97, is GRANTED in part and DENIED in part. Vermeire will be allowed to testify about the sale price of the protein powder in March and April of 2014. However, Vermeire will not be allowed to testify about the matters described in paragraph 2 of his supplemental report or the "commercial reasonableness" of plaintiff's delay.

Entered this 7th day of June, 2016.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge